Boss Patase, J.
The defendant has petitioned this court, by way of coram nobis, seeking relief from an error which he alleges was committed by the court in connection with a certain sentence imposed on him as more particularly set forth below.
By petition dated September 18,1970, prepared by defendant’s attorney and signed by this defendant, it is alleged, in substance, that defendant was sentenced on June 17, 1957, for the crime of sodomy in the second degree; that said crime was punishable, in the court’s discretion, by imprisonment for an indeterminate term having a minimum of one day and a maximum of defendant’s natural life; that prior to sentencing a psychiatric examination should have been made of him and a complete written report thereof submitted to the court, as required by section 2189-a of the former Penal Law, but that no such examination was ordered or conducted and no written report submitted.
The record confirms that the defendant was sentenced to a term of imprisonment of not less than 10 years and not more than 20 years, as a second felony offender. No psychiatric examination was, in fact, ordered or performed.
The grievance expressed in this petition is totally lacking in legal merit. Section 690 of the former Penal Law, with respect to sodomy in the second degree, provides that this crime is punishable by imprisonment for not more than 10 years. No alter *887 nate sentence of one day to life is provided or allowed. Hence, section 2189-a does not apply and a psychiatric examination was not a prerequisite to sentencing.
The defendant, apparently sensing that the afore-stated petition was lacking in merit, submitted in what appears to be his own handwriting, a second petition in coram nobis, conceding the inadequacy of the initial petition and setting forth a new and different assertion of statutory law which he claims brings section 2189-a in more appropriate focus as a procedural requirement when his sentence was imposed on June 17,1957.
Defendant now introduces section 1944-a of the former Penal Law in support of his contention that he should have been given a psychiatric éxamination pursuant to section 2189-a prior to sentencing. Said section 1944-a provides, insofar as it may be pertinent here, that if a person while in the act of committing a felony shall carnally abuse the body or indulge in any indecent or immoral practices with the sexual parts or organs of a child of the age of 16 years or less, he may be sentenced to imprisonment for an indeterminate term of one day to life. He reasons that the crime of sodomy in the second degree, being a felony and otherwise containing the necessary ingredients of carnal abuse, indecent and immoral practices, etc. as outlined in said section 1944-a, gives the court the option of imposing a one day to life sentence and therefore requiring a prior psychiatric examination.
Such legal deduction arrived at by the defendant must necessarily be rejected.
All crimes contained and defined in the former Penal Law which may command a so-called one day to life sentence are expressly identified, and such alternate sentence is clearly provided as applicable thereto. The crime of sodomy in the second degree is not included among the several crimes for which a one day to life sentence may be imposed. If it were otherwise, no justifiable reason exists for leaving out such optional sentence.
The inclusion of section 1944-a in the punishment structure of the former Penal Law does have its otherwise meaning and purpose. It intends to equip the court with an additional or alternate discretion in the way of the type and term of sentence where a person has committed a felony, and, in the course thereof, additionally “ carnally abuse the body or indulge in any indecent or immoral practices with the sexual parts ”. The individual who commits purely and simply a felony is to be differentiated in possible punishment from the one who commits such felony, but in the course thereof also indulges in the practices outlined in section 1944-a. Section 1944, just preceding section 1944-a, *888 appears to signal the import of a new category of punishment —-the category applicable to crimes being committed in an atmosphere of other suspicious or criminal conduct. Here section 1944 provides additional punishment of not less than 5 years and not more than 10 years when a felony is committed and the accused, in the course thereof, occupies a stolen car. The occupancy of the stolen car is not the felony that is the predicate crime mentioned in this section. In this same vein, therefore, followed section 1944-a. When there is something more going on in the course of a felony being committed — specifically the sexual activities as described in this section — then, a different punishment may be imposed. The sexual activities themselves, independent of a predicate felony,- do not qualify for the one day to life possible punishment. Those crimes, such as a specific degree of rape, crimes against nature and the like for which a one day to life optional punishment may be imposed, have been clearly identified and independently and in so many words equipped with this additional discretionary punishment. All other so-called sex or sex associated crimes are not included in the one day to life classification. But, if another felony is being committed, and, in the course of committing it, the perpetrator engages in the devious sexual play described in section 1944-a, then the court may impose the alternate sentence of so-called one day to life, in which event section 2189-a would have to be complied with.
It may be of some persuasion to note that the identical language appearing in section 1944-a, to wit: “ carnally abuse the body or indulge in any indecent or immoral practices with the sexual parts or organs of a child ’ ’ likewise appears in section 483-b which identifies such activity as a misdemeanor. This section further goes on to advise under what circumstances such activity may become a felony and the punishment which may be appropriate (including one day to life). A previous conviction of rape, sodomy and the like qualifies one who commits carnal abuse as described in section 483-b for possible one day to life sentence. The defendant in the case at bar does not fit into this classification.
If the defendant’s theory of the meaning of section 1944-a were to prevail, it would mean that such a crime as the former so-called statutory rape would qualify for possible one day to life punishment. This certainly was not the legislative intent.
Further, the court history of this case discloses that this defendant complained by way of coram nobis back in 1967, including in his petition the error of lack of a psychiatric examination pursuant to section 2189-a prior to sentencing. The court (Hon. *889 John M. Keane, serving as Broome County Judge) denied defendant’s petition without a hearing. The Appellate Division affirmed.
Defendant’s petitions (2) do not raise any question of fact to which a hearing should be addressed. The points of law that have been raised are totally lacking in legal support. Accordingly, said petitions should be denied without a hearing.